IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MILDRED ANNE DUDLEY,<br>*Individually and on behalf of others similarly situated*,<br><br>　　　　Plaintiff,<br><br>v.<br><br>REGIONS FINANCIAL CORPORATION and MORGAN KEEGAN & COMPANY, INC.<br><br>　　　　Defendants. | CIVIL NO. 1:11-cv-02700-RLV |

**NAMED PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS AS TO CERTAIN
AFFIRMATIVE DEFENSES IN DEFENDANT MORGAN KEEGAN'S
AMENDED ANSWER, OR, IN THE ALTERNATIVE, TO STRIKE THOSE
AFFIRMATIVE DEFENSES AND MOTION TO STRIKE OTHER
DEFENSES WITH LEAVE TO AMEND**

I.   **PRELIMINARY STATEMENT**

In its response to Plaintiff's motion, Defendant Morgan Keegan flippantly mischaracterizes the "overarching theme" of Plaintiff's motion as: "Plaintiff does not like some of Morgan Keegan's defenses and would prefer to avoid discovery with respect to those defenses."  [Doc. 34 at 1-2].  However, in actuality, the overarching theme of Plaintiff's motion is that Defendant Morgan Keegan has failed to satisfy the pleading requirements of the Federal Rules of Civil Procedure with regard to certain of its affirmative defenses.  Therefore, as Plaintiff requests in her motion, Plaintiff is entitled to a judgment on the pleadings as to certain of those defenses and to have certain defenses stricken from Defendant Morgan Keegan's Amended Answer.

Plaintiff notes that Morgan Keegan states in its response that "it is and has been Morgan Keegan's intention to cooperate with Plaintiff to resolve her issues with an eye towards moving this matter forward in a productive and efficient manner. Unfortunately, Morgan Keegan's (as well as for that matter, as Defendant Regions Financial Corp.'s ("Regions") (collectively, "Defendants")), efforts in this regard have not been realized."  [Doc. 34 at 2].  Morgan Keegan then goes on to state, "Because anything short of allowing Plaintiff to pick and choose Morgan Keegan's defenses herself is apparently unsatisfactory, Morgan Keegan's (and

Regions') efforts to work with Plaintiff have proved to be unproductive and have, in fact, become counterproductive." [Doc. 34 at 3]. Simply put, these statements are false, as evidenced by Plaintiff and Regions' resolution of their differences without having to involve the Court. On the other hand, Morgan Keegan has obstinately and unjustifiably refused to comply with the pleading requirements of the Federal Rules of Civil Procedure, and has failed to comply with this Court's admonition that a defendant's affirmative defenses must "set forth a 'short and plain statement' explaining their factual basis, which is required by Federal Rule of Civil Procedure 8(b)(1)." *Smith v. The Sygma Network*, Civ. No. 1:11-cv-01222-RLV, Doc. 15, at 7 (N.D. Ga. Jun. 15, 2011). Accordingly, Plaintiff requests that the Court grant Plaintiff's motion.

II.   **ARGUMENT**

    A.   **Named Plaintiff is Entitled to a Judgment on the Pleadings as to Defendant Morgan Keegan's Fifteenth, Sixteenth, Seventeenth, and Eighteenth Defenses**.

        1.   **Plaintiff respectfully requests that the Court apply the *Twombly/Iqbal* plausibility requirement to her motion for Judgment on the Pleadings.**

As Defendant points out, Plaintiff noted in her brief that this Court has previously held that the pleading requirements set forth in *Twombly* and *Iqbal* are not applicable to affirmative defenses. *See* Plaintiff's Brief at 4, n.3 [Doc. 29]

2

(citing *Floyd v. SunTrust Banks, Inc.*, Civ. No. 1:10-cv-2620-RWS, 2011 WL 2441744, *7 (Jun. 13, 2011)). What Defendant fails to note, however, is that in the *Floyd* case, the Court was ruling on a motion to strike. Unlike the plaintiff in the *Floyd* case, Plaintiff has moved for a judgment on the pleadings as to Defendant's Fifteenth, Sixteenth, Seventeenth, and Eighteenth Defenses, or, *in the alternative*, to strike those affirmative defenses, which is an important distinction when determining the standard to be applied.

As Plaintiff explained in her brief, just as a defendant may move for judgment on the pleadings as to some or all of a plaintiff's claims once the pleadings are closed, a plaintiff may move for judgment on the pleadings as to some or all of a defendant's affirmative defenses once the pleadings are closed. *See, e.g., Wachovia Bank, National Association v. Lone Pine, Inc.*, 1:09-cv-02983-JOF, 2010 WL 2553880 (N.D. Ga. Jun. 15, 2010). Further, "A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss." *Roma Outdoor Creations, Inc. v. City of Cumming*, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008).

In the *Floyd* case, the Court was ruling on a motion to strike and held that the *Twombly/Iqbal* standard did not apply, and, therefore, that case is inapposite to Plaintiff's motion for judgment on the pleadings. Instead, the standard that applies

3

to Plaintiff's motion for judgment on the pleadings is the same standard that applies to a motion to dismiss. *See Roma Outdoor Creations,* 558 F. Supp. 2d at 1284. If the *Twombly/Iqbal* plausibility standard applies to a motion to dismiss brought under Rule 12(b)(6), and the same standard applies to both motions to dismiss and motions for judgment on the pleadings, then it necessarily follows that the *Twombly/Iqbal* plausibility standard applies to Plaintiff's motion for judgment on the pleadings.

>    **2.    For the reasons stated in her brief in support of her motion, Plaintiff is entitled to a judgment on the pleadings as to Defendant Morgan Keegan's Fifteenth, Sixteenth, Seventeenth, and Eighteenth Defenses**.

Having established that the *Twombly/Iqbal* standard applies to Plaintiff's motion for judgment on the pleadings, Plaintiff is entitled to a judgment on the pleadings as to Defendant Morgan Keegan's Fifteenth, Sixteenth, Seventeenth, and Eighteenth Defenses. As Plaintiff explained in her brief, "On a motion for judgment on the pleadings, the court accepts factual allegations in the [answer] as true and construes all reasonable factual inferences in the [defendant's] favor." *Long*, 2011 WL 3347852, at * 6 (citing *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008)). However, "the court need not accept inferences drawn by [defendant] if such inferences are unsupported by the facts set out in the [answer]. Nor must the court accept legal conclusions cast in the form of factual

4

allegations." *Kowal v. MCI Comm'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *accord Lewis v. Brautigam*, 227 F.2d 124, 127 (5th Cir. 1955).[1]  "To survive a motion for judgment on the pleadings, [affirmative defenses in an answer] must convey factual allegations that amount to 'more than labels and conclusions' and 'raise a right to relief above the speculative level.'" *Long*, 2011 WL 3347852, at *6 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As this Court has held, "surviving a motion to dismiss requires only that a complaint contain 'enough facts to state a claim to relief that is plausible on its face.'" *Dickerson v. Hambrick*, 2007 WL 4564102, at *2 (N.D. Ga. Dec. 20, 2007) (citing *Twombly*, 127 S. Ct. at 1974).  Again, since the same standard applies to both motions to dismiss and motions for judgment on the pleadings, it necessarily follows that Defendant Morgan Keegan was required to plead enough facts in support of its affirmative defenses to show that they are plausible on their face.  As Plaintiff has shown, Defendant Morgan Keegan has failed to plead facts in support of its Fifteenth, Sixteenth, Seventeenth, and Eighteenth Defenses that would show that these affirmative defenses are plausible on their face.  In fact, Morgan Keegan has failed to plead any facts in support of those affirmative defenses.

---

[1]   The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.   *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc)).

With regard to its Fifteenth Defense, Morgan Keegan did not plead any facts in support of that defense, which Morgan Keegan acknowledges in its response. Faced with this glaring deficiency, Morgan Keegan attempts to raise factual issues in its response that are not pled in its answer, but such a strategy is inappropriate in responding to a motion for judgment on the pleadings because the Court is limited to the substance of the relevant pleadings and any judicially noticed facts. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). Though Plaintiff contends that the Court should not consider the facts raised in Morgan Keegan's response, to the extent that the Court does consider those 'facts' and the 'argument' raised by Morgan Keegan, Plaintiff notes that Morgan Keegan does not cite any legal authority in support of its claim that the 'facts' that it improperly alleges in its response support one of the limited instances in which the defense of set-off is applicable in an FLSA case. *See, e.g., Singer v. City of Waco, Tex.*, 324 F.3d 813 (5th Cir. 2003) (affirming district court's ruling that defendant was entitled to an offsetting of pre-paid overtime overpayments paid to the employees against the shortfalls in overtime payments in other work periods).

With regard to its Sixteenth Defense, Morgan Keegan again does not plead any facts in support of this defense, which Morgan Keegan acknowledges in its response. Morgan Keegan argues that, with regard to the unidentified putative

6

collective action members, it does not yet know whether those individuals have validly released some of the claims asserted in the complaint. However, "claims for back wages under the FLSA may only be settled when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment 'after scrutinizing the settlement for fairness.'" *Fernandez v. Harvard Maintenance, Inc.*, 2011 WL 6934123, at *1 (M.D. Fla. Dec. 14, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–55 (11th Cir. 1982)). Therefore, the doctrines of accord and satisfaction and release are not proper defenses in this case. To the extent that Morgan Keegan contends that either a court or the Department of Labor has approved settlements of overtime claims made by putative collective action members against it, then Morgan Keegan could have alleged such in its amended answer. But it failed to do so, and, therefore, Plaintiff is entitled a judgment on the pleadings as to these affirmative defenses.

With regard to Morgan Keegan's Seventeenth and Eighteenth Defenses, those defenses are legally deficient on their face because FLSA claimants have no duty to provide notice to their employers and have no duty to mitigate. *See* Plaintiff's Brief at 8 [Doc. 29]. In its response, Morgan Keegan claims that a "trend has developed in the case law calling for the doctrine of 'avoidable

consequences' to be applied to FLSA actions, especially off-the-clock actions in which a plaintiff alleges she worked overtime, but did not report that overtime to her employer (as are the allegations in this case)." Response at 18 [Doc. 34]. In support of this "trend", Morgan Keegan cites *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414-415 (9th Cir. 1981), *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998), and *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1083-85 (N.D. Cal. 2007).

Of course, none of the cases cited by Morgan Keegan stand for the absurd "avoidable consequences" conclusion Morgan Keegan has contrived in an effort to salvage its Seventeenth and Eighteenth Defenses. Instead, those cases stand merely for the uncontested proposition that if a defendant did not have actual or constructive knowledge that an employee was working overtime, then the company is not liable under the FLSA. Or, in simpler terms, if an employee cannot establish one of the essential elements of his or her overtime claim, i.e., that the employer "suffered or permitted" the employee to work overtime, then the employee cannot prevail on his or her overtime claim. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2nd Cir. 2011) (holding that to "establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive

knowledge of that work.") (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946); *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 287 (2d Cir. 2008); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 87 (2d Cir. 2003)). As the Regulations explain:

> Work not requested but **suffered or permitted** is work time. For example, an employee may voluntarily continue to work at the end of the shift. He may be a pieceworker, he may desire to finish an assigned task or he may wish to correct errors, paste work tickets, prepare time reports or other records. The reason is immaterial. The employer **knows or has reason to believe** that he is continuing to work and the time is working time. The rule is also applicable to work performed away from the premises or the job site, or even at home. If the employer **knows or has reason to believe** that the work is being performed, he must count the time as hours worked. In all such cases **it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed**. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.

29 C.F.R. § 785.11 - 13 (citations omitted) (emphasis added).

Thus, there is no "avoidable consequences" affirmative defense available in FLSA actions, and FLSA plaintiffs have no duty to mitigate, as evidenced by the extensive case law on the subject. *See, e.g., Major v. Wholesale Solar Supply, Inc.*, 2011 WL 3961824, at *2 (M.D. Fla. July 19, 2011) (holding that an FLSA claimant has no duty to mitigate); *King v. ITT Educational Services, Inc.*, 2009 WL 3583881, at *3 (M.D. Fla. October 27, 2009) (citing *Morrison v. Executive Aircraft*

9

*Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005) (holding it would contradict the purposes of the FLSA if an employee were required, after working overtime hours, to secure alternative employment to mitigate his damages); *see also Perez–Nunez v. North Broward Hospital District*, 2009 WL 723873 * 2 (S.D. Fla. Mar. 13, 2009) (holding a duty to mitigate damages defense fails as a matter of law where Plaintiff failed to mitigate damages by failing to timely disclose any alleged violation to her employer so that the terms of her employment could be corrected); *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233 * 3 (S.D. Fla. July 31, 2009) (holding that because there is no duty to mitigate damages, nor a duty to provide notice as to any alleged unlawful pay practice, the court struck the defendant's failure to mitigate defense); *Lopez v. Autoserve LLC*, 2005 WL 3116053, at *2 (N.D. Ill. Nov.17, 2005) (granting the plaintiff's motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA); *Coffin v. Blessey Marine Services, Inc.*, 2011 WL 2193378 (S.D. Tex. June 6, 2011); *Tran v. Thai*, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010) (granting plaintiff's motion for summary judgment as to affirmative defense of duty to mitigate overtime wages under the FLSA because there is no such duty to mitigate)).

Despite the extensive case law on this issue, Morgan Keegan apparently believes that the *Faragher/Ellerth*[2] "avoidable consequences" affirmative defense that is available to employers in sexual harassment cases should also be available in FLSA claims. However, the *Faragher/Ellerth* affirmative defense, by its own terms, necessarily cannot apply in an FLSA case. In analyzing the *Faragher/Ellerth* defense and sexual harassment claims, the Eleventh Circuit has held that "courts should separate sexual harassment cases into two groups: (1) cases where a 'tangible employment action' was taken because of an agent's misuse of authority; and (2) cases where there was no 'tangible employment action' taken." *Speaks*, 315 F. Supp. 2d at 1223 (citing *Walton v. Johnson & Johnson Services, Inc.*, 347 F.3d 1272, 1280–81 (11th Cir. 2003)). "An employer is **automatically liable** for sexual harassment cases falling into the first group, but, for the second group, the employer may raise the *Faragher/Ellerth* affirmative defense." *Id.* (emphasis added). Thus, the *Faragher/Ellerth* affirmative defense is only available when there is no tangible employment action taken. But in all FLSA claims, there is always a tangible employment action taken by the employer

---

[2] "The affirmative defense comes from two sexual harassment opinions of the Supreme Court in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257, 141 L.Ed.2d 633 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275, 141 L.Ed.2d 662 (1998)." *Speaks v. City of Lakeland*, 315 F. Supp. 2d 1217, 1223 n.16 (M.D. Fla. 2004).

against the employee in the form of lost employment benefits, i.e., the employer fails to pay the employee all wages due. Accordingly, the *Faragher/Ellerth* "avoidable consequences" affirmative defense is not available to employers in FLSA claims, which explains why Morgan Keegan failed to cite a single case in which a court allowed an employer to assert the *Faragher/Ellerth* defense to an FLSA claim.

For the reasons set forth above, Plaintiff respectfully requests that the Court grant Plaintiff's motion for judgment on the pleadings as to Morgan Keegan's Fifteenth, Sixteenth, Seventeenth, and Eighteenth Defenses.

> **B.    In the alternative, if the Court elects to treat Plaintiff's motion as a motion to strike, Plaintiff is entitled to have Morgan Keegan's Fifteenth, Sixteenth, Seventeenth, and Eighteenth Defenses stricken**.

As Plaintiff noted in her brief, some district courts within the Eleventh Circuit have held that a plaintiff's motion for judgment on the pleadings as to affirmative defenses is better conceived as a motion to strike under Rule 12(f). Plaintiff's Brief at 3, n.1 [Doc. 29] (citing *Taney v. Holding Company of the Villages, Inc.*, Civ. No. 5:10-cv-134-Oc-32RJK, 2010 WL 4659604 (M.D. Fla. Nov. 9 2010)). However, Plaintiff also explained the plain language of Rule 12(c) states that "a party", not just a defendant, "may move for judgment on the pleadings." *Id.* Nevertheless, in case the Court decides that Named Plaintiff's

motion is better conceived as a motion to strike, Named Plaintiff moved to strike Morgan Keegan's Fifteenth, Sixteenth, Seventeenth, and Eighteenth Defenses in Section II(A)(2) of her brief.

If the Court elects to treat Plaintiff's motion as a motion to strike Morgan Keegan's Fifteenth, Sixteenth, Seventeenth, and Eighteenth Defenses, those defenses are due to be stricken because they do not meet the minimal requirements of Rule 8(b)(1). As this Court has explained, a defendant's affirmative defenses must "set forth a 'short and plain statement' explaining their factual basis, which is required by Federal Rule of Civil Procedure 8(b)(1)." *Smith v. The Sygma Network*, Civ. No. 1:11-cv-01222-RLV, Doc. 15, at 7 (N.D. Ga. Jun. 15, 2011) (a true and correct copy of this Court's unpublished *Sygma Network* order is attached as Exhibit 1 to Plaintiff Motion [Doc. 29-2]). Morgan Keegan's Fifteenth, Sixteenth, Seventeenth, and Eighteenth Defenses are bereft of any factual support and are legally insufficient as a matter of law, and, therefore, Named Plaintiff requests that the Court grant Named Plaintiff's motion to strike those affirmative defenses. Further, for the reasons set forth in her brief in support of her motion, with regard to the Sixteenth, Seventeenth, and Eighteenth Defenses, Named Plaintiff requests that the Court not grant Morgan Keegan leave to amend those defenses because those defenses fail as a matter of law, and, therefore, Morgan

Keegan cannot plead any set of facts that would support any of those defenses in this FLSA action.

### C. Named Plaintiff Requests that the Court Strike Defendant Morgan Keegan's Third, Fifth, and Thirteenth Defenses but Grant Leave to Amend those Defenses.

Defendants' Third, Fifth, and Thirteenth Defenses fail to set forth a short and plain statement explaining their factual basis, which Morgan Keegan does not deny in its response. Instead, Morgan Keegan states that there is no requirement that it provide any factual basis for these affirmative defenses, which is false. *See Sygma Network*, Civ. No. 1:11-cv-01222-RLV at 7. Therefore, those affirmative defenses are due to be stricken.

In addition, with regard to its Fifth and Thirteenth Defenses, Morgan Keegan bemoans Plaintiff's alleged failure to raise her objections to these defenses in their correspondence regarding the deficiencies in Morgan Keegan's answer. However, in her initial letter to Morgan Keegan, Plaintiff noted that all of Morgan Keegan's boilerplate affirmative defenses were deficient:

> Next, the boilerplate affirmative defenses raised in the answer do not meet the Rule 8 pleading requirement of setting forth a "short and plain statement" explaining the factual basis of the affirmative defenses. As Judge Vining (who is also presiding over our case) has recently explained, affirmative defenses that do not set forth a "short and plain statement" explaining their factual basis are improperly pled under Rule 8 and are subject to being stricken. *See Smith v. The Sygma Network*, Civ. No. 1:11-cv-01222-RLV (N.D. Ga. Jun. 15

14

2011) (a copy of which is attached as Exhibit 2). In order to provide fair notice to my client, your client's affirmative defenses must contain sufficient facts to raise a right to recover above the speculative level. Therefore, for all affirmative defenses your client raises, please provide enough factual support so that my client knows the basis for the affirmative defense and can explore the basis of the defense in discovery. Please note that during discovery we will be asking for the factual bases for each affirmative defense. "[I]f a defendant lacks a factual basis for an affirmative defense at the time it is raised, the defendant violates Rule 11, Federal Rules of Civil Procedure'' *Hendricks v. Mirabilis Ventures, Inc.*, 2008 WL 413566 (M.D. Fla. Feb. 13, 2008). Thus, for all affirmative defenses for which your client does not have any factual support, if there are any, we request that you withdraw those defenses.

*See* Exhibit 1 to Morgan Keegan's Response at 3 [Doc. 34-1].

Thus, Plaintiff did object to those affirmative defenses, and those affirmative defenses are due to be stricken for the reasons stated in Plaintiff's brief in support of her motion. Therefore, Named Plaintiff also requests that the Court strike Morgan Keegan's Third, Fifth, and Thirteenth Defenses but grant Morgan Keegan leave to amend to correct the deficiencies with those defenses.

## IV. CONCLUSION

For the reasons set forth above and in her brief in support of her motion, Named Plaintiff requests that the Court grant Plaintiff's motion.

Dated:  January 20, 2012

                              Respectfully submitted,

                              s/G. Blake Andrews
                              Gary Blaylock "Blake" Andrews, Jr.
                              Georgia Bar No. 019375
                              Blake Andrews Law Firm, LLC
                              2221 Peachtree Road NE Suite X5
                              Atlanta, GA 30309
                              Tel: 770-828-6225
                              Fax: 866-828-6882
                              blake@blakeandrewslaw.com

                              s/S. Renee Huskey
                              S. Renee Huskey
                              Georgia Bar No. 380145
                              Ichter Thomas, LLC
                              3340 Peachtree Road, NE, Suite 1530
                              Atlanta, Georgia 30326-1084
                              Tel: 404-869-7600
                              Fax: 404-869-7610
                              Direct:  404-869-5242
                              email:  rhuskey@ichterthomas.com

## **CERTIFICATE OF COMPLIANCE WITH L.R. 5.1B**

I certify that the foregoing Reply in Support of Named Plaintiff's Motion for Partial Judgment on the Pleadings as to Certain Affirmative Defenses in Defendant Morgan Keegan's Amended Answer, or, in the alternative, to Strike those Affirmative Defenses and Motion to Strike Other Defenses with Leave to Amend was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1B.

        Respectfully submitted,

        s/G. Blake Andrews
        Gary Blaylock "Blake" Andrews, Jr.
        Georgia Bar No. 019375
        Blake Andrews Law Firm, LLC
        2221 Peachtree Road NE Suite X5
        Atlanta, GA 30309
        Tel: 770-828-6225
        Fax: 866-828-6882
        blake@blakeandrewslaw.com