FILED IN CHAMBERS
U.S.D.C. Atlanta

JAN 26 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MILDRED ANNE DUDLEY,
Individually and on behalf of
others similarly situated,

    Plaintiff,

v.

REGIONS FINANCIAL CORPORATION
and MORGAN KEEGAN & COMPANY,
INC.,

    Defendants.

CIVIL ACTION

NO. 1:11-CV-2700-RLV

## O R D E R

In her complaint, the named plaintiff asserted three claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") against defendant Morgan Keegan & Company, Inc. ("defendant Morgan Keegan"). This matter comes before the court on the plaintiff's motion for partial judgment on the pleadings as to certain affirmative defenses in defendant Morgan Keegan's amended answer and motion to strike other affirmative defenses [Doc. No. 29].

According to the plaintiff, a number of Morgan Keegan's affirmative defenses fail to comply with Rule 8(b) of the Federal Rules of Civil Procedure. In particular, the plaintiff argues that defendant Morgan Keegan failed to provide the plaintiff with sufficient factual information regarding a number of her

affirmative defenses. Moreover, the plaintiff argues that some of defendant Morgan Keegan's affirmative defenses fail as a matter of law. Additionally, the plaintiff asks this court to strike other affirmative defenses and then to allow defendant Morgan Keegan leave to amend its answer because defendant Morgan Keegan failed to set forth its affirmative answers with the particularity required by Rule 8 of the Federal Rules of Civil Procedure. In response, defendant Morgan Keegan argues that each of its challenged defenses are legally sufficient and properly pled. Additionally, defendant Morgan Keegan argues that some of its defenses will necessarily require it to conduct discovery to determine their applicability to the facts of this case and that the plaintiff's motion requires this court to make improper factual determinations. In sum, defendant Morgan Keegan argues that the plaintiff's motion should be denied because the plaintiff asks this court to look beyond the face of the pleadings in an attempt to evaluate the applicability of certain affirmative defenses at a premature moment in the litigation. On all points raised in defendant Morgan Keegan's January 6, 2012, response, this court agrees with defendant Morgan Keegan.

As a preliminary matter, the court notes that the plaintiff mistakenly relies on <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544

(2007) and Ashcroft v. Iqbal, 556 U.S. 662(2009) in her motion. While some courts have broadly interpreted the impact and effect of these two cases, the U.S. Supreme Court did not, in either case, address the pleading standard applicable to a defendant's admissions, denials, or affirmative defenses under Rule 8(b) or (c). Therefore, this court concludes that these two cases are not relevant when evaluating affirmative defenses.

Furthermore, the court notes that the plaintiff asks this court to make improper and premature factual determinations about the applicability of defendant Morgan Keegan's affirmative defenses before the close of discovery. As defendant Morgan Keegan correctly notes, it is premature at this juncture in the litigation to strike any defenses or to enter judgment against defendant Morgan Keegan on any of its affirmative defenses without the benefit of discovery.

Even if this court were to assume that Twombly and Iqbal applied as the plaintiff argues, this court would still conclude that the plaintiff has not met, and cannot meet, her burden to establish that any of defendant Morgan Keegan's defenses are due to be dismissed or stricken at this time based on any pleading defects of defendant Morgan Keegan's affirmative defenses. While the plaintiff seeks for this court to enter judgment against defendant

3

Morgan Keegan's fifteenth (setoff), sixteenth (accord and satisfaction), seventeenth and eighteenth defenses (mitigation of damages), the court concludes that these defenses are sufficiently pled. Likewise, the court concludes that defendant Morgan Keegan's third (laches), fifth (arbitration), and thirteenth defenses (lack of standing), which the plaintiff sought to strike, are sufficiently pled. While the plaintiff attempts to hold defendant Morgan Keegan to a heightened pleading standard, the plaintiff ignores the fact that <u>Twombly</u> and <u>Iqbal</u> did not abrogate Rule 8 of the Federal Rules of Civil Procedure's notice pleading requirements. Because the court concludes that each of defendant Morgan Keegan's affirmative defenses are sufficiently pled, there is no need for defendant Morgan Keegan to file a second amended answer as requested by the plaintiff to rectify any pleading defects contained in certain affirmative defenses.[1]

---

[1] The court notes that while there is no need to file a second amended answer that defendant Morgan Keegan can do so if it so elects in order to drop some of the affirmative defenses which may be of limited applicability to the facts of this case. If defendant Morgan Keegan files a second amended answer, this pleading should be filed no later than 14 days from the docketing of this order.

For the above reasons and for the reasons contained in defendant Morgan Keegan's January 6, 2012, response, the court DENIES the plaintiff's December 12, 2012, motion [Doc. No. 29].

SO ORDERED, this 26th day of January, 2012.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge