**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MILDRED ANNE DUDLEY,<br><br>         Plaintiff,<br><br>v.<br><br>MORGAN KEEGAN & COMPANY, INC.<br><br>         Defendant. | CIVIL NO. 1:11-cv-02700-RLV |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT OF PLAINTIFF'S
CLAIM FOR ATTORNEY'S FEES**

Pursuant to the Court's December 19, 2013 Order, Plaintiff Mildred Anne Dudley ("Plaintiff") and Defendant Morgan Keegan & Company, Inc. ("Morgan Keegan") (collectively, the "parties") hereby submit this Joint Motion for Approval of Settlement of Plaintiff's Claim for Attorney's Fees.

**THE PARTIES' RESOLUTION OF PLAINTIFF'S CLAIMS**

**I.    Relevant Background**

Plaintiff originally filed suit under the Fair Labor Standards Act ("FLSA"), on behalf of herself and other employees allegedly similarly situated to Plaintiff, against Regions Financial Corporation ("Regions") and Morgan Keegan for Defendants' alleged failure to pay overtime (Count I) and Defendants' alleged

failure to promptly pay overtime (Count II).  (Compl., ¶¶ 84-106, [Doc. No. 1]).  Plaintiff also sought recovery against both Defendants on her own behalf for alleged retaliatory discharge under the FLSA (Count III).  (Id., ¶¶ 107-119).

Morgan Keegan and Regions each filed Answers to Plaintiff's Complaint.  In their Answers, both Morgan Keegan and Regions denied Plaintiff's substantive claims and further denied that Counts I and II were suitable for collective treatment.  Additionally, both Morgan Keegan and Regions asserted that Regions did not jointly employ Plaintiff.  The parties agree that the pleadings reflect that this litigation involves bona fide disputes of both law and fact, including, but not limited to, whether Plaintiff can prove by a preponderance of the evidence that she was not properly paid for all hours worked during the relevant time period.

On April 16, 2012, Plaintiff filed a stipulation of dismissal, with prejudice, of Regions with all parties to bear their own costs.  (Dkt. no. 52).  In the same filing, and without having first moved for conditional certification, Plaintiff stipulated that she was no longer pursuing Counts I and II on a collective basis.  (Id.).  Accordingly, Plaintiff subsequently pursued all claims in her suit on an individual basis against Morgan Keegan only.

## II. Plaintiff's Acceptance of Morgan Keegan's Offer of Judgment on Counts I and II and Stipulation of Dismissal of Count III

On July 18, 2012, Morgan Keegan made a Rule 68 Offer of Judgment as to Counts I and II of the Complaint for $70,299.44.  On July 23, 2012, Plaintiff notified Morgan Keegan that she had accepted its Offer of Judgment. Subsequently, on the same day, Plaintiff wrote Morgan Keegan stating, "[n]ow that she has accepted the offer of judgment as to Counts I and II, Plaintiff offers to dismiss Count III pursuant to Rule 41(a)(1)(A)(2)."  Morgan Keegan agreed, and the parties then stipulated to the dismissal of Count III.  (See dkt. no. 80).

On January 4, 2013, the Court approved Plaintiff's acceptance of Morgan Keegan's offer of judgment [Doc. 91].  On December 2, 2013, the parties notified the Court that the parties have reached agreement in principle on Plaintiff's claim for attorneys' fees, subject to execution of final settlement and release documents [Doc. 126].  On December 19, 2013, the Court ordered that the parties submit their settlement agreement for an *in camera* review.  On January 15, 2014, the Court notified Plaintiff via a telephone conference that the parties should submit a motion for approval and email the settlement agreement to the Court's clerk.  Accordingly, the parties are filing the instant motion and are submitting their settlement agreement via email for the Court's *in camera* review.

### III.  Legal Standard for Approval of Settlement

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b).  The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b).  *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *Id.* at 1354-55.  If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the

court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)); *see also Trinh v. JPMorgan Chase & Co.*, Case No. 07-CV-01666 W(WMC), 2009 WL 532556 (S.D. Cal. March 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, *3 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 WL 737575 *3 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

In this case, the Court has previously approved the Plaintiff's acceptance of the offer of judgment, and the only remaining issue is the Plaintiff's claim for fees. In this case, the parties have reached agreement on Plaintiff's claim for attorneys' fees. In addition, the amount Plaintiff recovered was determined prior to the parties agreeing to the Plaintiff's fees, and, therefore, the amount recovered by Plaintiff was not tainted by any conflict of interest.

## **CONCLUSION**

For the foregoing reasons, the parties respectfully request that the Court grant this Joint Motion for Approval of Settlement of Plaintiff's Claim for Attorney's Fees, which will resolve all outstanding issues in this case. A proposed order is attached for the Court's review.

Dated: January 16, 2014

| | |
|---|---|
| */s/ G. Blake Andrews* | /s/ *David W. Long-Daniels* |
| Gary Blaylock "Blake" Andrews, Jr. | David W. Long-Daniels |
| Georgia Bar No. 019375 | Georgia Bar No. 141916 |
| Blake@AndrewsStembridge.com | Peter N. Hall |
| John T. Stembridge | Georgia Bar No. 141376 |
| Georgia Bar No. 678605 | Brett T. Lane |
| John@AndrewsStembridge.com | Georgia Bar No. 143014 |
| | |
| Andrews & Stembridge, LLC | GREENBERG TRAURIG, LLP |
| 2951 Piedmont Road | The Forum |
| Suite 300 | 3290 Northside Parkway, Suite 400 |
| Telephone (770) 828-6225 | Atlanta, Georgia 30327 |
| Facsimile (866) 828-6882 | Telephone (678) 553-2100 |
| blake@blakeandrewslaw.com | Facsimile (678) 553-7327 |
| | long-danielsd@gtlaw.com |
| | hallp@gtlaw.com |
| */s/ S. Cary Ichter* | laneb@gtlaw.com |
| Georgia Bar No. 382515 | |
| CIchter@ichterthomas.com | *Attorneys for Morgan Keegan* |
| Ichter Thomas, LLC | |
| 3340 Peachtree Rd., N.E. | |
| Suite 1530 | |
| Atlanta, GA  30326-1084 | |
| Telephone: (404) 869-7610 | |
| Facsimile: (404) 869-7610 | |
| rhuskey@ichterthomas.com | |

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1B

I HEREBY CERTIFY that the foregoing was prepared in Times New Roman, 14-point font, as approved by Local Rule 5.1B.

> */s/ David W. Long-Daniels*
> David W. Long-Daniels
> Georgia Bar No. 141916
> Peter N. Hall
> Georgia Bar No. 141376
> Brett T. Lane
> Georgia Bar No. 143014
> GREENBERG TRAURIG, LLP
> Terminus 200
> 3333 Piedmont Road, NE, Suite 2500
> Atlanta, Georgia 30305
> Telephone (678) 553-2100
> Facsimile (678) 553-7327
>
> long-danielsd@gtlaw.com
> hallp@gtlaw.com
> laneb@gtlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MILDRED ANNE DUDLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MORGAN KEEGAN & COMPANY, )<br>INC., )<br>Defendants. ) | CIVIL ACTION FILE<br>NO. 1:11-CV-02700-RLV |

**CERTIFICATE OF SERVICE**

I certify that on the date stated below, I electronically filed this JOINT MOTION FOR ENTRY OF JUDGMENT with the Clerk of the Court using the CM/ECF system, which automatically sent email notification of such filing to the following attorneys of record:

Gary Blaylock "Blake" Andrews, Jr.
John Stembridge
Andrews & Stembridge, LLC
2951 Piedmont Road, Suite 300
Atlanta, Georgia 30305

Renee S. Huskey
Ichter Thomas, LLC
3340 Peachtree Rd., N.E.
Suite 1530
Atlanta, GA  30326-1084

9

Dated:  January 16, 2014

                                             */s/ David Long-Daniels*
                                             Attorney for Morgan Keegan

ATL 19595474v1