IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MILDRED ANNE DUDLEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MORGAN KEEGAN & COMPANY, INC.<br><br>　　　　Defendant. | CIVIL NO. 1:11-cv-02700-RLV |

### ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT OF PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES

This matter comes before the Court on a Joint Motion for Approval of Settlement of Plaintiff's Claim for Attorney's Fees.  On January 4, 2013, the Court approved Plaintiff's acceptance of Morgan Keegan's offer of judgment, which the Court construed as a motion for approval of a Fair Labor Standards Act ("FLSA") settlement [Doc. 91].  On December 2, 2013, the parties notified the Court that they had reached agreement in principle on Plaintiff's claim for attorneys' fees, subject to execution of final settlement and release documents [Doc. 126].  Having reviewed the parties' joint motion pursuant to the standard set forth in *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th

Cir. 1982), the Court concludes that this matter was a bona fide dispute and that settlement of the Plaintiff's claim for attorney's fees is a fair and reasonable resolution of that dispute. After conducting an *in camera* review of the settlement agreement between the parties, the Court concludes that the settlement of Plaintiff's claim for attorney's fees is reasonable. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Furthermore, because the amount Plaintiff recovered was determined prior to the parties agreeing to the Plaintiff's fees, the Court concludes that the amount recovered by Plaintiff was not tainted by any conflict of interest.

    Therefore, the parties' Joint Motion for Approval of Settlement of Plaintiff's Claim for Attorney's Fees is GRANTED. IT IS HEREBY ORDERED that the settlement agreement is approved and this action is dismissed WITH PREJUDICE, except that the Court expressly retains jurisdiction to enforce the settlement. The parties shall bear their own costs except as otherwise set forth in the agreement between the parties

    So ORDERED this ____ day of _____, 2014.

                                                _____
                                                Robert L. Vining, Jr.
                                                Senior United States District Judge